UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO. 3:22-CV-00540-CRS

**DAVID E.**                                                                                      **PLAINTIFF**

**VS.**

**KILOLO KIJAKAZI,**
*Acting Commissioner of Social Security*                                 **DEFENDANT**

### REPORT AND RECOMMENDATION

The Commissioner of Social Security denied David E.'s[1] ("Claimant's") applications for disability and disability insurance benefits. Claimant now seeks judicial review of the Commissioner's decision pursuant to 42 U.S.C. § 405(g). (DN 1). Claimant has filed both a Fact-Law Summary and a brief in support. (DN 12; DN 13). Commissioner has filed a Fact-Law Summary. (DN 18). The District Judge has referred the matter to the undersigned United States Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). (DN 11).

### I. Background

Claimant David E. is fifty-six years old, lives with his parents, and has a high school education. (Tr. 33–34). Claimant previously worked at a laundromat and helped an elderly woman with groceries and household chores. (Tr. 35–37). Claimant filed an application for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act, alleging disability beginning on July 14, 2017.[2] (Tr. 13). Claimant stopped working in 2013 allegedly due to his disabling condition. (Tr. 63). Specifically, he bases his claim for disability on major depressive disorder,

---

[1] Pursuant to the Western District of Kentucky's General Order No. 22-05, any non-government party in a 42 U.S.C. 405(g) case will be identified and referenced solely by first name and last initial in opinions issued.

[2] Initially, Claimant asserted November 1, 2016, as his alleged onset date, but prior to his hearing he amended it to July 14, 2017. (Tr. 384).

anxiety disorder, autism spectrum disorder, and atypical chest pain due to premature ventricular contractions. (Tr. 13).

The Social Security Administration ("SSA") originally denied Claimant's application on April 5, 2018 (Tr. 124), and upon reconsideration on August 9, 2018 (Tr. 145). After ALJ Anegele Pietrangelo found Claimant not disabled (Tr. 149–65), the Appeals Council remanded the case for further consideration of Claimant's Residual Functional Capacity. (Tr. 171–72). With Claimant's consent, Administrative Law Judge Candace A. McDaniel ("ALJ McDaniel") conducted a telephonic hearing on October 26, 2021. (Tr. 28–55). ALJ McDaniel issued an unfavorable decision on November 30, 2021. (Tr. 10–21).

ALJ McDaniel applied the traditional five-step sequential analysis promulgated by the Commissioner for evaluating a disability claim, 20 C.F.R. § 404.1520, *Kyle v. Comm'r of Soc. Sec.*, 609 F.3d 847, 855 (6th Cir. 2010), and found as follows. First, Claimant has not engaged in substantial gainful activity between his amended alleged onset date of July 14, 2017, through his date last insured of December 31, 2018. (Tr. 13). Second, Claimant suffers from the following severe impairments: major depressive disorder, anxiety disorder, autism spectrum disorder, and atypical chest pain due to premature ventricular contractions. (Tr. 13–14). Third, Claimant's conditions do not meet or medically equal the severity of a listed impairment from 20 C.F.R. § 404, Subpt. P, App'x 1. (Tr. 14–15). Additionally, Claimant has the residual functional capacity ("RFC") to perform "light work" as defined by 20 C.F.R. 404.1567(b) and 416.967(b) with the following additional limitations:

> The claimant can lift and carry 10 pounds frequently and 20 pounds occasionally. He can never climb ladders, ropes, or scaffolds but can occasionally climb ramps and stairs. He can occasionally balance, stoop, kneel, crouch, and crawl. The claimant should avoid concentrated exposure to vibrations. He must avoid exposure

>  to hazards such as unprotected heights and operating unguarded moving machine parts. He should avoid concentrated exposure to extreme temperatures involving heat. The claimant can understand, remember, and carry out simple instructions. He can interact occasionally with supervisors, coworkers, and the public. He can work in a low stress setting, which is defined as work that involves no assembly line pacing and no strict production quota requirements.

(Tr. 15–19).

Claimant administratively appealed ALJ McDaniel's decision. (Tr. 348–50). The Appeals Council declined review, finding Claimant's reasons for disagreement did not provide a basis for changing ALJ McDaniel's decision. (Tr. 1). At that point, ALJ McDaniel's denial become the final decision of the Commissioner, and Claimant appealed to this Court. (DN 1).

## II. Standard of Review

When reviewing an administrative law judge's decision to deny disability benefits, the Court may "not try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (internal citations omitted). Instead, the Court's review of the administrative law judge's decision is limited to an inquiry as to whether the administrative law judge's findings were supported by substantial evidence, 42 U.S.C. § 405(g); *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001) (internal citations omitted), and whether the administrative law judge employed the proper legal standards in reaching her conclusion. *See Landsaw v. Sec'y of Health & Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence exists "when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." *Cotton v. Sullivan*, 2 F.3d 692, 695 (6th Cir. 1993). The Supreme Court has clarified "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high[.]" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (internal citations

omitted).

### III. Conclusions of Law

Claimant raises two challenges for review. First, Claimant contends ALJ McDaniel failed to properly evaluate Dr. Suresh Kodali's medical opinion. (DN 13, at PageID # 1103–14). Then, Claimant argues ALJ McDaniel did not appropriately consider Claimant's subjective symptoms (*Id.*, at Page ID # 1114–18).

Issue 1: Did ALJ McDaniel properly assess Dr. Suresh Kodali's medical opinion?

Claimant asserts ALJ McDaniel inappropriately wrote off Dr. Suresh Kodali's entire medical opinion because it included conclusory statements on matters reserved for the ALJ. (DN 13, at PageID # 1107–14). Claimant acknowledges that Dr. Kodali's opinion may have contained some improper statements but argues that it does not render the rest of Dr. Kodali's opinion useless. (*Id.*). According to Claimant, ALJ McDaniel simply dismissed the entirety of Dr. Kodali's opinion due do these conclusory statements and never weighed the supportability and consistency factors as required by regulations. (*Id.*).

An ALJ bases their RFC determination on "all of the relevant medical and other evidence" in the case record, including an analysis of the persuasiveness of the medical opinions in the record. 20 C.F.R. §§ 404.1545(a)(3), 404.1520c. An ALJ does "not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's own] medical sources." 20 C.F.R. § 404.1520c(a) (2017). The administrative law judge need only explain how she considered the supportability and consistency factors, which are the two most important in determining the persuasiveness of a medical source's opinion or a prior administrative medical finding. § 404.1520c(b)(2). The supportability factor requires an *internal* analysis of the objective medical evidence and the

4

supporting explanations from the source itself, while the consistency factor demands an *external* analysis of the opinion in comparison to evidence from other sources. §§ 404.1520c(b)(1)–(2). Ultimately, the more relevant the objective medical evidence and supporting explanations presented, the more persuasive the medical opinion will be. § 404.1520c(c)(2). An ALJ need not address every piece of medical evidence individually for her decision to nonetheless be supported by substantial evidence. *Thacker v. Comm'r of Soc. Sec.*, 99 Fed. App'x 661, 665 (6th Cir. 2004). The administrative law judge may, but is not required to, explain how she considered the other remaining factors in paragraphs (c)(3) through (c)(5) when articulating how she considered medical opinions. 20 C.F.R. § 404.1520c(b)(2)–(3). However, the regulations consider certain types of evidence to be "inherently neither valuable nor persuasive," such as issues reserved for ALJs. § 404.1520b(c)(3). Accordingly, ALJs are not required to consider this type of evidence in their findings. *Id.*

After evaluating Claimant, Dr. Kodali noted he had "some poverty of speech," "difficulty comprehending things," and "mild psychomotor retardation." (Tr. 967). Dr. Kodali further highlighted Claimant having difficulty answering simple questions, with questions often needing to be repeated to him. (*Id.*). Ultimately, Dr. Kodali concluded that he "d[id] not think patient has the capacity to make personal, social and occupational adjustments because of [the previously mentioned] psychiatric problems." (Tr. 968). ALJ McDaniel considered Dr. Kodali's opinion but discounted it due to a lack of support and because Dr. Kodali opined on issues reserved for an ALJ. (Tr. 19).

Claimant asserts that Dr. Kodali's conclusion regarding his capacity to adjust based on his psychiatric problems does not amount to an issue reserved for the Commissioner. (DN 13, at

5

PageID # 1108). Plainly, this argument is misguided. The regulations task ALJs with determining a claimant's RFC—or his limitations for completing certain types of work. ALJ McDaniel took issue with Dr. Kodali's assertions about Claimant's "capacity to make personal, social, and occupational adjustments." (Tr. 968). As ALJ McDaniel points out, "[t]his is essentially a finding of disability." (Tr. 19).

While Claimant correctly points out that ALJs must still address other portions of medical opinions that are not reserved for the commissioner, the remainder of Dr. Kodali's records contain no specific mental functioning limitation suggestions. (*See* Tr. 966–68). And because "[r]ecords containing notations, such as treatment notes only, are not medical opinions," ALJs do not need to treat them as opinions and consider supportability and consistency. *See Horton v. Comm'r of Soc. Sec.,* 3:19-cv-804-CHL, 2021 WL 1124788, at *2 (W.D. Ky. March 24, 2021) (holding an ALJ did not err in disregarding medical records that failed to contain a medical opinion). Here, Claimant fails to establish any remaining portion of the record from Dr. Kodali's records amount to a medical opinion on acceptable functional limitations that ALJ McDaniel could consider.

Claimant's remaining contentions with ALJ McDaniel's handling of Dr. Kodali's records are misplaced. Claimant incorrectly states that ALJ McDaniel "failed to address the portion of Dr. Kodali's opinion that indicated the [Claimant] had 'difficulty comprehending simple things.'" (DN 13, at PageID # 1108). However, ALJ McDaniel did acknowledge this observation. (Tr. 18 ("The claimant was noted to have some poverty of speech and mild psychomotor retardation as well as difficulty comprehending things. Dr. Kodali noted simple questions needed to be repeated and that the claimant sometimes had difficulty answering.")). ALJ McDaniel also remarked that "[t]hese observations are not consistent with the other evidence, including both treatment notes form other

providers as well as the observations of the disinterested psychological consultative examiner." (*Id.*). Put differently, ALJ McDaniel did consider these observations, but discounted it based on consistency problems.

Because the only medical opinion in Dr. Kodali's records amounted to an issue reserved for the ALJ, ALJ McDaniel complied with the regulations in her assessment of these records. She went beyond the minimum requirements by also acknowledging treatment notes that were inconsistent with the observations and opinions of other treating physicians.

Issue 2: Did ALJ McDaniel Adequately Consider Claimant's Subjective Complaints?

Claimant also argues ALJ McDaniel rejected his testimony regarding the severity of his subjective symptoms without providing specific evidence to discount them. (DN 13, at PageID # 1116–18). The Commissioner counters that ALJ McDaniel adequately weighed all evidence and complied with regulations in issuing her decision. (DN 18, at PageID # 1146–52).

When forming the RFC, an ALJ must assess the claimant's subjective allegations alongside medical records and physician opinions. 20 C.F.R. §§ 404.1520c, 404.1529(a). A claimant's statement that he is experiencing pain or other symptoms will not, taken alone, establish that he is disabled. *See* 20 C.F.R. § 404.1529(a); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 530 (6th Cir. 1997); *Duncan v. Sec'y of Health & Human Servs.*, 801 F.2d 847, 853 (6th Cir. 1986). There must be medical signs and laboratory findings which show the existence of a medical impairment that could reasonably be expected to produce the alleged pain. *Walters*, 127 F.3d at 530; *Duncan*, 801 F.2d at 854. In evaluating the claimant's subjective complaints, the ALJ considers objective medical evidence, as well as other non-exhaustive factors such as evidence of daily activities, the frequency and intensity of pain, medication taken and any resulting side effects, and any other

measures taken to alleviate the pain. *See* 20 C.F.R. §§ 404.1529(c)(2), (3), 416.929(c)(2), (c)(3).

ALJ McDaniel's analysis was proper under the regulations and does not run afoul of the Sixth Circuit's holdings in *Walters* and *Duncan*. First, contrary to Claimant's assertion, ALJ McDaniel acknowledged Claimant's complaints from the hearing. On this point, "an ALJ is not required to discuss all the evidence submitted, and an ALJ's failure to cite to specific evidence does not indicate that it was not considered." *Simons v. Barnhart*, 114 F. App'x 727, 733 (6th Cir. 2004). Regardless, ALJ McDaniel recognized that Claimant testified and stated that she considered Claimant's "statements about the intensity, persistence, and limiting effects of his symptoms" but found them inconsistent with the greater medical evidence. (Tr. 10, 16). This analysis sufficiently follows the applicable regulations.

Claimant also asserts that ALJ McDaniel insufficiently analyzed his treatment record in discounting the subjective complaints of mental impairments. Evidence supports rejecting subjective complaints "if the frequency or extent of the treatment sought by an individual is not comparable with the degree of the individual's subjective complaints." SSR 16-3P, 2017 WL 5180304, at *9. Claimant's contention significantly downplays the extent of ALJ McDaniel's discussion about his treatment. ALJ McDaniel noted that Claimant's mental treatment "was limited to outpatient services, including therapy, a support group, and medication management with generally unremarkable clinical findings[.]" (Tr. 17). Beyond the types of Claimant's treatment, doctors' notes further support ALJ McDaniel's conclusion. Claimant presented well at the appointments, had appropriate thought/content processes, scored within the average range of intelligence testing, could verbalize thoughts and feelings openly and honestly, and actively participated in therapy and support groups. (Tr. 17 (citing 768, 773, 789, 791, 794, 824, 835, 839,

8

847, 850, 859, 862, 865, 874, 876, 883)). Further, at one point, Claimant stated that he was "so pleased with the medicines" given to him and that he was not feeling depressed and his anxiety became controlled. (Tr. 17 (citing Tr. 807)). In sum, ALJ McDaniel thoroughly considered the medical record before concluding that Claimant's subjective complaints did not align with his broad treatment history.

Claimant additionally argues ALJ McDaniel mischaracterized objective evidence supporting these subjective complaints. (DN 13, at PageID # 1117–18). Specifically, Claimant takes issue ALJ McDaniel characterizing treatment notes and objective findings as "unremarkable." (*Id.*). Claimant points out that psychological consultive examiner Dr. Conyers found his ability to tolerate stress and pressure to be impaired "to a marked degree." (*Id.* (citing Tr. 557)). Claimant however fails to recognize ALJ McDaniel's finding that Dr. Conyer's opinion "not entirely persuasive." (Tr. 18). Indeed, ALJ McDaniel noted that her findings did not support the moderate limitations she recommended, nor were they consistent with the successes of Claimant's conservative treatment and psychotropic medication. (*Id.*).

Lastly, Claimant asserts ALJ McDaniel skirted regulations in rejecting his complaints of fatigue. (DN 13, at PageID # 1118). However, contrary to Claimant's assertion, ALJ McDaniel did not reject Claimant's fatigue; she noted those symptoms and implemented restrictions based on fatigue and ongoing treatments. (Tr. 18 (stating that Claimant's treatment history "supports a limitation to light work with additional climbing and postural limitations due to associated fatigue")). ALJ McDaniel discussed the evidence of Claimant's fatigue and reasonably incorporated it into consideration of Claimant's limitations.

The undersigned finds no error in ALJ McDaniel's analysis of these subjective symptoms.

9

She adequately weighed all evidence presented to her under the regulations, and substantial evidence supports her conclusions.

## IV. Recommendation

For the above-stated reasons, the Court finds substantial evidence supports ALJ McDaniel's opinion. **IT IS THEREFORE RECOMMENDED** the final decision of the Commissioner be affirmed.

NOTICE

Therefore, under the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Fed.R.Civ.P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties. Within fourteen (14) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court. If a party has objections, such objections must be timely filed or further appeal is waived. *Thomas v. Arn*, 728 F.2d 813 (6th Cir.), *aff'd*, 474 U.S. 140 (1984).

Copies:     Counsel